IN RE APPLICATION OF ALBERT J. WESELY AND OTHERS
FOR CERTIFICATE AUTHORIZING GROVELAND STATE
BANK IN MINNETONKA TO TRANSACT BUSINESS v.
MINNETONKA STATE BANK.
COMMERCE DEPARTMENT, BANKING DIVISION,
RESPONDENT.

198 N. W. 2d 158.

March 24, 1972—No. 43105.

*Vesely, Otto, Miller & Keefe,* for relators.

*Kelly, Odell & Penberthy* and *Gary R. Larson,* for respondent bank.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Steven M. Gunn,* Special Assistant Attorney General, for respondent commission.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Certiorari to review the State Commerce Commission's findings of fact, conclusions of law, and order denying relators' application to transact business as a state bank under the name of Groveland State Bank of Minnetonka at 17425 Minnetonka Boulevard, city of Minnetonka, Hennepin County.

The sole issue presented for our review, brought here of right by relators pursuant to Minn. St. 45.07, is whether there is substantial evidence in view of the entire record submitted to support the commission's decision.[1]

Relators' application was heard by a commission hearing examiner. Following a 2-day hearing, the examiner's proposed comprehensive findings of fact were substantially adopted by the commission. Based upon the adopted findings of fact, the commission denied the application because:

"The applicants have failed to prove the following statutory requirements as set forth in Minnesota Statutes 45.07, to wit:

"1. That the organizational expenses paid by the subscribing shareholders do not exceed the necessary legal expenses incurred in drawing incorporation papers and publication and recording thereof,

"2. That the proposed Groveland State Bank of Minnetonka will be properly and safely managed, and,

---

[1] Judicial review of the decision of this agency of the state is also authorized by Minn. St. 15.0424, 15.0425, and 15.0426 of our Administrative Procedure Act. Bryan v. Community State Bank, 285 Minn. 226, 172 N. W. 2d 771 (1969). The limited scope of our review thereunder appears to be no different than that afforded by certiorari pursuant to § 45.07. In re Application of Jackson, 277 Minn. 293, 152 N. W. 2d 472 (1967).

"3. That there is a reasonable public demand for the proposed Groveland State Bank of Minnetonka in the location proposed by the applicants."

The essence of relators' argument is that the commission's findings are unsupported by the evidence because neither respondent-objector nor anyone else offered evidence in opposition to their application. The commission's decision, however, is based upon a failure of proof and not upon the existence of adverse testimony.

Under our limited scope of review,[2] a careful reading of the record demonstrates that there is substantial evidence to support the commission's conclusionary finding that relators' evidence failed to satisfy three of the five express statutory requirements specified in § 45.07 for the issuance of a bank charter. Since it cannot be disputed that relators (perhaps unwittingly) offered no evidence to meet the least significant statutory requirement concerning the limit on organizational expenses, no proper purpose would be served in detailing the deficiencies of proof of the other and more consequential statutory requirements reasonably found wanting by the commission. A failure of proof with respect to any one of the essential statutory requirements, when supported by the record, justifies a denial by the commission and an affirmance by a reviewing court. In re Application of Burrill, 262 Minn. 270, 114 N. W. 2d 688 (1962). Surely the record submitted falls far short of compelling a reviewing court to hold that the commission, in denying relators' application, acted arbitrarily or that its decision is without substantial evidentiary support and represents its will and not its judgment.

Affirmed.