Susan BURNETT, Relator,

v.

**STEARNS COUNTY WELFARE BOARD, Respondent.**

No. C5–85–336.

Court of Appeals of Minnesota.

July 2, 1985.

Gregg M. Corwin, St. Louis Park, for relator.

Roger S. Van Heel, Stearns Co. Atty., Elizabeth A. Hayden, Asst. Co. Atty., St. Cloud, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Relator Susan Burnett, an employee of the Stearns County Social Services Agency, petitioned for a writ of certiorari from a decision of respondent Stearns County Welfare Board denying her a one-step merit increase. Burnett's performance rating qualified her for the increase; however, the board denied it because she had been late to work on several occasions. Burnett appealed the decision to the Minnesota Merit System Council, which held a hearing, issued findings, conclusion, and recommended granting the increase. The board took no further action, allowing their earlier decision to stand. On appeal Burnett contends the board's decision was arbitrary and capricious. We agree and reverse.

## FACTS

Susan Burnett is an account clerk in the accounting department of the Stearns County Social Services Agency. The agency had a merit increase policy under which employees receiving a score of 86 or better on a performance rating form received a one-step merit increase. Burnett's employment anniversary date was August 4, 1984. On July 16, 1984, Burnett's supervisor,

Chester Rorvig, submitted an evaluation of her work performance for the previous year to P.S. Serrano, director of the agency. Burnett received a score of 87 on the performance rating form. The narrative evaluation was very favorable except for a comment regarding her punctuality:

During the coming year, I am asking Susan to continue to give attention to promptness and punctuality toward work starting time. I feel good progress has been made in this area and do not intend for this comment to detract from the overall evaluation. I wish to offer employees some suggestions to work on, even though they are doing well in their job performance.

Rorvig recommended that Burnett be given a one-step merit increase.

On July 17, 1984, Serrano notified Rorvig that he could not recommend a merit increase for Burnett because she had been late to work at times. Burnett had been warned in December 1983 about the consequences of future tardiness, but her supervisor notified her on February 1, 1984, that he felt the problem had been corrected.

Subsequently, Serrano observed Burnett arriving at work several minutes late on four occasions between April and July 1984. Burnett claims to have had Rorvig's permission to come in late on two of the cited occasions. In addition, she claims she frequently worked during break periods, lunch hour, and after hours when the need arose. She was not eligible for "comp" time and could not otherwise recoup the extra time worked. Rorvig's narrative evaluation confirms that Burnett had put in extra time because of increased activity in her department.

On July 24, 1984, the board denied Burnett's merit increase based on noncompliance with work rules (tardiness). Its stated purpose in so doing was to encourage punctuality.

On August 24, 1984, Rorvig sent a memorandum to all employees in the accounting department reminding them of agency hours and informing them that compliance

with agency rules would be included in the employees' annual performance evaluation.

At Burnett's request the board again reviewed the matter on August 28, 1984. The board rejected Serrano's recommendation that the matter be continued for three months to allow Burnett to demonstrate her punctuality and reaffirmed its previous decision.

Burnett appealed the board's decision to the Minnesota Merit System Council. After a hearing on November 30, 1984, the council concluded:

> [t]hat the agency performance evaluation form does not reflect that tardiness has implications for job performance ratings. That Ms. Burnett's evaluation clearly indicates her eligibility for a full step merit increase under agency policy. That adherence to agency work hours would be included as part of an employee's performance evaluation was not enunciated as agency policy until August 24, 1984, or one month after Ms. Burnett's merit increase was denied by the Stearns County Welfare Board.

The council recommended that the board reconsider the matter and grant Burnett a merit increase retroactive to her anniversary date.

On December 20, 1984, the board reconsidered the matter but took no further action. This appeal followed.

## ISSUE

Did the Stearns County Welfare Board act arbitrarily or capriciously in denying relator a one-step merit increase?

## DISCUSSION

■ The Minnesota Administrative Procedures Act, Minn.Stat. § 14.69 (1982), governs judicial review in this case. *See* Minn.Stat. § 256.012 (1984); Minn.Rules 9575.1150, subp. 7 (1983). A reviewing court may reverse or modify an agency decision if the substantial rights of a petitioner may have been prejudiced because the decision was arbitrary or capricious. *See* Minn.Stat. § 14.69. A decision of an administrative agency is arbitrary and capricious when the determination represents the agency's will and not its judgment. *See Beaty v. Minnesota Board of Teaching,* 354 N.W.2d 466, 471 (Minn.Ct.App. 1984) (citing *Bryan v. Community State Bank of Bloomington,* 285 Minn. 226, 234, 172 N.W.2d 771, 776 (1969)).

Following the mandate of Minn.Stat. § 256.012 (1984), the agency established a merit increase policy under which employees are to be considered for a merit increase at least once each 12-month period. Any permanent employee "who is denied a merit increase may appeal the denial [to the Merit System Council] *if the reasons given for the denial do not reflect on the merit of the employee's performance.*" Minn.Rule 9575.1190, subp. 1 (emphasis added). "The council shall recommend the [County Welfare Board] either grant or deny the merit increase. The [board] shall make the final decision." *Id.,* subp. 2.

Burnett contends the board's denial of her merit increase was not based on the merit of her job performance. She argues that she qualified for a full step merit increase under the agency's policy that employees receiving a performance rating of 86 or better receive such an increase. Her score was 87. When the board initially denied her merit increase, the agency had not yet enunciated its policy of including employee "promptness" in the annual evaluation. Furthermore, Burnett contends that the board acted arbitrarily and capriciously by taking no action after the Council recommended granting the increase.

The board defends its actions, claiming the performance review form used to rate employees by a point system does not encompass all factors which may be considered in determining an employee's entitlement to a merit increase. Thus, even though promptness is not a category on the form, it may be considered in evaluating an employee's performance. In addition, because employees know the agency's work hours and know they may be disciplined for tardiness, they must realize that tardiness will be considered in their evaluations for a

merit increase. Finally, the board contends that no other action was required of it after the council's recommendation was received because it had the power to make the final decision.

The Merit System Council held a full hearing, which included testimony by witnesses for both parties and documentary evidence. The council's recommendation that the board grant Burnett's merit increase was based on written findings and its conclusion that the evidence showed that before August 24, 1984, the agency's policy had been to grant merit increases based on employees' performance ratings, that Burnett qualified for a one-step increase, and that tardiness had not previously been an enunciated factor in performance evaluations.

 The board's rejection of the council's recommendation without comment under these circumstances constitutes a denial of due process. The board has observed form without substance by rejecting the council's recommendation without findings or an explanation of its reasons. Although the board was not bound by the council's findings and conclusions, they are not to be taken lightly. *Beaty,* 354 N.W.2d at 472; *City of Moorhead v. Minnesota Public Utilities Commission,* 343 N.W.2d 843, 847 (Minn.1984). "When an agency rejects or significantly deviates from the [reviewing authority's] findings, it should explain, on the record, its reasons for doing so. Failure to do so evidences the agency's desire to exercise its will and not its judgment." *Beaty,* 354 N.W.2d at 472; *see also Reserve Mining Co. v. Minnesota Pollution Control Agency,* 364 N.W.2d 411, 415 (Minn.Ct.App.1985).

The council's findings, conclusion, and recommendation were amply supported by the record. Contrary findings or an explanation by the board were thus necessary in order to show that its decision was not an exercise of will. Having failed to make such a showing, we hold that the board acted arbitrarily and capriciously and order it to grant Burnett a one-step merit increase retroactive to her anniversary date of August 4, 1984.

## DECISION

The board acted arbitrarily and capriciously by rejecting without comment the council's recommendation to grant Burnett a one-step merit increase. Because the council's findings, conclusion, and recommendation are supported by the record, we order the board to grant Burnett a one-step merit increase retroactive to her anniversary date of August 4, 1984.

Reversed.